IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WAYNE UPCHURCH,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-601-WDS |
| | ) |
| **SARA M. REVELL,** | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

On October 31, 2005, officers found a substance under the sink in a cell Petitioner shared with two other inmates; the substance was found to be methamphetamine. Not surprisingly, all three inmates denied knowledge or ownership of the package. Petitioner received a disciplinary ticket for possession of contraband; he was punished with thirty days in segregation, loss of forty days of good

conduct credit, and the loss of commissary, phone and visitation privileges for one year.[1]

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

In this case, Petitioner does not claim that he was deprived of any of the procedural protections required by *Wolff*. Instead, he merely challenges the sufficiency of the evidence. First, he asserts that there was no proof that the contraband belonged to him, as opposed to one of his cell mates. Second, he claims that the test used to identify the substance was not reliable. Third, he argues that he should have been allowed to take a polygraph test to prove his innocence. However, the Supreme Court has held that due process requires that the findings of the disciplinary tribunal need be supported only by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that

---

[1] The Court notes that another inmate, presumably one of Petitioner's cell mates, has filed a virtually identical petition challenging the disciplinary ticket that he received for this incident. *See Zierke v. Revell*, Case No. 06-cv-621-GPM (S.D. Ill., filed Aug. 10, 2006).

could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56 (emphasis added).

In this case, there is clearly some evidence in the record to support a finding of guilt. As stated in the disciplinary report:

> The DHO finds that you were one of three inmates being housed in the cell. All inmates in that cell are responsible for everything in their area of responsibility (cell). It is the responsibility of each to make sure that area is kept free of any type contraband at all times.
>
> As all three inmates in the cell disavowed any knowledge of the narcotics. Because of this all three must be held responsible for it's being there. The quantity of narcotics found eliminated any chance of it being placed there to "set" someone up. As a lesser amount would work just as well. This fact also discounts any chance of the narcotics being left there by a prior occupant. Your statement about taking a "polygraph test" was discounted as all inmates in the Bureau of Prisons know this procedure is not normally conducted for administrative hearings.

Therefore, the Court finds that Petitioner was afforded the proper due process in this situation, and this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: November 3, 2006.**

　　　　　　　　　　　　　　　　　　　　　　　**s/ WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**